OPINION. Black, Judge: As previously stated, the principal issue is whether petitioner is exempt from taxation under section 101 (11) of the Internal Revenue Code.[2] In its income tax returns for the taxable years petitioner did not claim to be an exempt corporation under section 101 (11) of the Internal Revenue Code. Its claim was that it was a mutual insurance company other than life and was taxable under the provisions of section 207, and that under section 207 (c) (3) it is entitled to a special deduction of “ premium deposits retained for the payment of losses and expenses.” The Commissioner in his determination of the deficiencies disallowed these claimed deductions on the ground, as stated in his deficiency notice, that “ Your company is not a mutual company within the meaning of the Code.” The petitioner’s principal contention now is that it is entirely exempt from taxation under section 101 (11) of the Internal Revenue Code. This change in ground on the part of petitioner from that taken in its original income tax returns is permissible, and the Commissioner makes no contention to the contrary. If we should hold that it is not exempt from taxation under section 101 (11) of the code, petitioner contends in the alternative that it is taxable under section 207 and is entitled to the special deduction provided for under section 207 (c) (3).[3] Petitioner must meet a twofold test if it is to gain exemption under section 101 (11). “Not only must it be a mutual company but its income must be used or held solely for the payment of losses or expenses.” Driscoll v. Washington County Fire Ins. Co., 110 Fed. (2d) 485, 488. The respondent contends that petitioner meets neither test and relies principally upon Mutual Fire Insurance Co. of Germantown v. United States, 142 Fed. (2d) 344, and Keystone Mutual Casualty Co. v. Driscoll, 137 Fed. (2d) 907, affirming 44 Fed. Supp. 658. In deciding the issues here involved we must look to the general law rather than to the local law of Pennsylvania. Mutual Fire Insurance Co. of Germantown v. United States, supra. We think that petitioner was a mutual insurance company other than life as that term has been interpreted and construed by the Board of Tax Appeals and the courts. It is true that it wrote its policies of insurance at the flat rate used by the stock companies and thus charged a regular cash premium, but this fact did not destroy its character as a mutual company. See Ohio Farmers Indemnity Co., 36 B. T. A. 1152; affd., 108 Fed. (2d) 665. In this case, among other things, we said: “A mutual insurance company issuing policies providing for the payment of a cash premium does not lose its identity as a mutual company.” (Citing cases.) In the instant case each policyholder was a member of the corporation and was entitled to one vote for each policy of insurance taken out in the company. No one else had a right to vote except policyholders, though they could and did vote by proxy. There were no stockholders. Petitioner was organized as a mutual insurance company under the laws of the State of Pennsylvania. We think all these facts, taken together, fix petitioner’s character as a mutual corporation, so we do not agree with the Commissioner’s contention that petitioner is not a mutual company. But every mutual insurance company is not exempt from taxation under the provisions of section 101 (11) of the Internal Revenue Code. By the plain provisions of that section farmers’ or other mutual hail, cyclone, casualty, or fire insurance companies or associations are exempt only where “the income of which is used or held for the purpose of paying losses or expenses.” And it is here where petitioner fails to qualify as an exempt corporation. We think that the facts of the instant case cause it to fall within the ambit of Mutual Fire Insurance Co. of Germantown v. United States, supra, and Keystone Mutual Casualty Co. v. Driscoll, supra, both of which are strongly urged by the Commissioner in support of his determination. In Mutual Fire Insurance Co. of Germantown the court reviewed several prior decisions of that circuit which dealt with the same issue involving exemption under the same statute, and it pointed out that one of the essential elements necessary for a mutual fire insurance company to secure tax exemption under section 101 (11) is that it write insurance at cost to its members. The court summed up its conclusion in that respect as follows: It will thus be seen that this court has consistently adhered to the view that one of the essential characteristics of a mutual insurance company is that it provide insurance to its members substantially at cost. The court then pointed out the following facts upon which, among others, it based its conclusion that the taxpayer was not writing insurance at cost: * * * It charges the same rates as do the stock companies and pays the same brokers’ commissions. It does not sell insurance at reduced rates or give rebates to its policyholders. The taxpayer has at no time made any assessments against its policyholders. Except in the.year 1873 when it issued scrip for $86,377.43 the taxpayer has made no distribution by way of dividends of profits o. savings or redundancy payments to its policyholders. * * * After reciting these and other facts which were present in that proceeding, the court held that the taxpayer was not an exempt corporation under section 101 (11). In the instant case, as we have already pointed out, the taxpayer collected from its policyholders insurance premiums at the regular standard rates charged by stock companies writing the same sort of insurance in the State of Pennsylvania. It paid 47 percent of all premiums collected to its underwriting manager, Gorson Bros., for their services. Neither its charter nor its bylaws provided definitely for rebates to policyholders. Article V of the bylaws provided that the directors might, within their discretion, declare dividends out of profits, and among other things, that: * * * Dividends out of the profits of the business may be declared by the Board of Directors in their absolute discretion ■ at their regular meeting in February, and shall apply only to such policies as have terminated in the previous year ending December 31st; * * * [Italics supplied.] No dividends were declared to policyholders and no other kind of redundancy payments were made to them in either of the taxable years. It is doubtless true, as the petitioner contends, that there were good reasons why the directors did not, in the exercise of their discretion, declare and pay dividends to policyholders in either of the taxable years, these reasons being that the taxpayer was indebted to the Gorson Co. for borrowed guarantee funds in amounts in excess of the surplus premium deposits received in those years. It seems reasonable to assume, however, that the reason why petitioner had to borrow guarantee funds, especially the amount borrowed in 1940. despite the very large amounts of premiums which it collected from its policyholders in 1939 and 1940 was the 47 percent of each premium collected which it had to pay to its underwriting manager, the Gorson Co., under the terms of its contract. Nearly half of every dollar that petitioner collected from its policyholders went to its underwriting manager. The reasonableness of these payments is not in issue so far as deductions from gross income are concerned, because the Commissioner has allowed them in full as deductible expenses in his determination of the deficiencies. However, it is not inappropriate that we consider them along with other facts in the record in determining whether petitioner was writing insurance at cost and is an exempt corporation under section 101 (11). As said by the District Court in Keystone Mutual Casualty Co. v. Driscoll, supra: * * * The consensus of the opinions is that the section contemplates an association of individuals whose sole object is to obtain insurance for themselves at cost, and, if amounts greater than necessary cost had been collected, that excess was to be returned to members in some form. The maintenance of a reasonable reserve is not prohibited, but it must be for the one purpose of paying losses and expenses, with ultimate return of excess to members. In other words, the association is for the benefit of the members, and not the members for the benefit of the association. The above language was quoted and approved by the Circuit Court of Appeals for the Third Circuit in its affirmance of the District Court below. See Keystone Mutual Casualty Co. v. Driscoll, supra. If the 47 percent commission which petitioner paid to its underwriting manager, the Gorson Co., was the ordinary and usual commission paid by insurance companies writing similar policies for similar services, then it was petitioner’s burden of proof to show that fact, in view of the issue drawn as to exemption from taxation. This it has not done. We think this is an important factor in determining whether petitioner was writing insurance for its members substantially at cost. Certainly a mutual insurance company claiming exemption under section 101 (11) can not pay excessive commissions to its underwriting agent which is closely connected with its organization and operation and then claim that it is writing insurance substantially at cost to its members and is exempt under section 101 (11). We think that to construe the statute as affording exemption from taxation in such a case would be to distort its meaning. Cf. American Insurance Co. of Texas v. Thomas, - Fed. Supp. -(Feb. 21, 1944). So, without further recitation of the '-facts present in the instant case, which are set forth fully in our findings, we hold that petitioner falls within the ambit of Mutual Fire Insurance Company of Germantown v. United States, supra, and Keystone Mutual Casualty Co. v. Driscoll, supra, and is not an exempt corporation under section 101 (11) of the Internal Revenue Code. This brings us to petitioner’s alternative contention, which is that, if we hold that it is not exempt under section 101 (11) of the Internal Revenue Code, nevertheless it is a mutual insurance company other than life within the meaning of section 207 of the code and it should be taxed thereunder and is entitled to have deducted, under the provisions of section 207 (c) (3), the premium deposits retained in 1939 and 1940 which it alleges it retained for the payment of losses and expenses. For reasons which we have already stated, we hold that petitioner was a mutual insurance company other than life, organized as such under the laws of Pennsylvania. It had no stockholders and all policyholders were recognized as members. And, while we do not think petitioner was exempt from taxation under section 101 (11), we are unable to agree with the Commissioner’s contention that it is not a mutual company taxable under the provisions of section 207 of the code. We hold that it is so taxable. Having thus held, the question which remains is whether petitioner, in addition to the deductions allowed to corporations by section 23 of the code, is entitled to further deductions of $3,423.26 for 1939 and $10,480.62 for 1940, under section 207 (c) (3), as premium deposits retained for the payment of losses and expenses. Section 19.207-6 of Regulations 103 provides in regard to this special deduction, as printed in the margin.[4] By examining the findings of fact it will be seen that the Commissioner, in his determination of the taxable net income of petitioner for the years 1939 and 1940, has allowed petitioner as deductions all the losses and expenses which it claimed for those years. No proof is made that there were other losses and expenses paid or incurred in those years attributable to its underwriting business for those years which were not included in the amounts allowed by the Commissioner as deductions. The regulations provide that, where all losses and expenses have been allowed as deductions, it is not permissible to allow a further deduction of premium deposits retained to pay any of these losses and expenses, for to do so would be equivalent to allowing a double deduction. See Mutual Fire Insurance Co. of Germantown v. United States, 50 Fed. Supp. 665, affirmed by the Third Circuit, supra. Because petitioner has not shown itself entitled to a deduction under section 207 (c) (3) in addition to those already granted by the Commissioner in his determination of the deficiencies, petitioner’s alternative contention is not sustained. Petitioner has made no contest of the 25 percent delinquency penalty imposed by the Commissioner, if we should sustain the Commissioner in his determination of the deficiency for 1939. Therefore, the question of the penalty is not in issue. Decision will be entered wider Rule 50. SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS. The following organizations shall be exempt from taxation under this chapter— ******* (11) Farmers’ or other mutual hail, cyclone, casualty, or fire insurance companies or associations (including interinsurers and reciprocal underwriters) the income of which is used or held for the purpose of paying losses or expenses. • SEC. 207. MUTUAL INSURANCE COMPANIES OTHER THAN LIFE. (a) Imposition os' Tax.— (1) In General. — There shall be levied, collected, and paid for each taxable year upon the special class net income of every mutual insurance company (other than a life insurance company) a tax equal to 16% per centum thereof. ******* (c) Deductions. — In addition to the deductions allowed to corporations by section 23 tbe following deductions to insurance companies shall also be allowed, unless otherwise allowed— ******* (3) Mutual insueance companies othbb than life and marine. — In the case of mutual insurance companies (including interinsurers and reciprocal underwriters, but not including mutual life or mutual marine insurance companies) requiring their members to make premium deposits to provide for losses and expenses, the amount of premium deposits returned to their policyholders and the amount of premium deposits retained for the payment of losses, expenses, and reinsurance reserves. Mutual Insurance companies * * *, which require their members to make premium deposits to provide for losses and expenses, are allowed to deduct from gross income the aggregate amount of premium deposits returned to their policyholders or retained for the payment of losses, expenses, and reinsurance reserves. In determining the amount of premium deposits retained by a mutual fire or mutual casualty insurance company for the payment of losses, expenses, and reinsurance reserves, it will be presumed that losses and expenses have been paid out of earnings and profits other than premiums to the extent of such earnings and profits. If, however, any portion of such amount is applied during the taxable year to the payment of losses, expenses, or reinsurance reserves, for which a separate allowance is taken, then such portion is not deductible; and if any portion of such amount for which an allowance is taken is subsequently applied to the payment of expenses, losses, or reinsurance reserves, then such payment cannot be separately deducted. The amount of premium deposits retained for the payment of expenses and losses, and the amount of such expenses and losses, may not hath he deducted. * * * [Emphasis supplied.]